**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:15-CV-469-RJC-DSC**

| | |
|---|---|
| CHRISTOPHER C. FRISCIA, et. al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BANK OF AMERICA, N.A., )<br>)<br>Defendant, )<br>_____) | **MEMORANDUM AND RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss and Cancel Lis Pendens" (document #3), and the parties' associated briefs and exhibits.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted, as discussed below.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This lawsuit involves the foreclosure of a deed of trust on real property located in Mecklenburg County. The Complaint alleges that Plaintiffs obtained a $161,600.00 home loan from America's Wholesale Lender on property located at 10123 Caldwell Depot Road in Cornelius ("the Property") on March 10, 2006. Plaintiffs executed a note ("Note") and deed of trust ("Deed of Trust" and collectively with the Note, "the Loan"). The Deed of Trust names Plaintiffs as the

borrowers, America's Wholesale Lender as the lender and Trustee Services of Carolina, LLC as trustee.

On or about May 31, 2012, the Note was endorsed in blank by America's Wholesale Lender.

On July 19, 2012, an Appointment of Substitute Trustee was executed naming Defendant as the Owner and Holder of the Note secured by the Deed of Trust.

An Assistant Clerk of Court entered an Order Allowing Foreclosure of the property on March 21, 2013. Plaintiffs' time to appeal that Order has expired.

On May 29, 2013, Plaintiffs commenced an action in this Court against Defendant and others related to the Property and Loan ("2013 Federal Court Action"). Additionally, on or about June 12, 2013, Plaintiffs commenced a civil action in Mecklenburg County Superior Court (Civil Action Number 13-CV-10670) (the "State Court Action").

These lawsuits were virtually identical and alleged, inter alia, that Plaintiffs had been defrauded, that the Loan was unenforceable, and that the foreclosure was wrongful.

On July 15, 2015, Plaintiffs filed a Notice of Voluntary Dismissal of Count VI of the 2013 Federal Court Action. On January 17, 2014, after the undersigned recommended dismissal of the remaining claims, Plaintiffs voluntarily dismissed the 2013 Federal Court Action.

Subsequently, the State Court Action was dismissed with prejudice by the Mecklenburg County Superior Court. Plaintiffs appealed that decision, which was affirmed by the North Carolina Court of Appeals on June 2, 2015.

Plaintiffs assert that they gave Defendant notice of rescission of the Loan under the Truth in Lending Act, 15 U.S.C. § 1635(b) ("TILA") on March 26, 2015. On April 23, 2015, Defendant

denied the request for rescission based upon TILA's three-year limitations period. Defendant also provided Plaintiffs with copies of their executed TILA disclosures.

In their present action, Plaintiffs seek to enforce their purported rescission and enjoin any foreclosure sale of the Property. Plaintiffs have also filed a Notice of Lis Pendens in Mecklenburg County Superior Court.

On October 9, 2015, Defendant filed its Motion to Dismiss which has been fully briefed and is ripe for disposition.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a

complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to

assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Truth In Lending Act (TILA) Claim is Time Barred

TILA provides two alternative deadlines for borrowers to exercise their right of rescission. Under § 1635(a), "the obligor shall have the right to rescind the transaction until midnight of the third business day following [the latter of] consummation of the transaction or [delivery of various disclosures and forms required under TILA;]." TILA also provides that "an obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this chapter have not been delivered to the obligor." 15 U.S.C. § 1635(b). The three-day "cooling-off" period allows a borrower to rescind for any reason or for no reason. The three-year rescission period allows the borrower to rescind only if the lender failed to make certain TILA-mandated disclosures. McKenna v. First Horizon Home Loan, 475 F.3d 418, 421 (1st Cir. 2007).

Because the Loan closed on March 10, 2006, the time for Plaintiffs to exercise their rescission rights completely expired on March 10, 2009 – over six years before they allegedly sent their Notice of Rescission. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 419 (1998) ("We respect Congress's manifest intent by concluding that the Act permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run.") TILA's three-year limitation is a statute of repose, not a statute of limitation. Jones v. Saxon Mortg., Inc., 537 F.3d 320, 327 (4th Cir. 1998). The time period is "typically not tolled for any reason." Id.; Pongo v.

5

Bank of Am., 2015 U.S. Dist. LEXIS 42003 (W.D.N.C. Mar. 31, 2015), affirmed 2015 U.S. App. LEXIS 14854 (4th Cir. Aug. 24, 2015)) (rejecting concept of equitable tolling under TILA). The three-year period serves as an extension of the three-day period where disclosures were not made to the borrower. § 1635(f). After expiration of the three-year period, "the Act permits no federal right to rescind, defensively or otherwise." Beach, 523 U.S. at 419.

For those reasons, the undersigned recommends that Defendant's Motion to Dismiss Plaintiff's TILA claim be granted.

### C. Claim for Injunction

Plaintiff's claim for injunctive relief is based entirely upon the premise that they have rescinded the loan. For the reasons stated above, this claim fails as well.

### D. Lis Pendens

"The provisions of [North Carolina law regarding lis pendens] shall apply to suits affecting the title to real property in the federal courts." N.C.G.S. § 1-120.1. "The sole object of lis pendens is to keep the subject in controversy within the power of the court until final decree and to make it possible for courts to execute their judgments. It gives notice of a claim of which otherwise a prospective purchaser would be ignorant." Mass. Bonding & Ins. Co. v. Knox, 18 S.E.2d 436, 438 (1942). North Carolina law provides for notice of lis pendens in: "(1) Actions affecting title to real property; (2) Actions to foreclose any mortgage or deed of trust or to enforce any lien on real property; and (3) Actions in which any order of attachment is issued and real property is attached." N.C.G.S. § 1-116(a); see also Zinn v. Walker, 87 N.C. App. 325, 361 S.E.2d 314 (1987) (finding that a real estate developer who entered into an offer to purchase agreement held only a contractual

interest in the resale profits and could not file a notice of lis pendens). "If the plaintiff's complaint fails to assert a claim falling within the scope of actions contemplated by North Carolina General Statute § 1-116(a), then the court may cancel the notice of lis pendens on a motion by the owner of the land without final resolution of the plaintiffs complaint." <u>Gilley v. Shoffner</u>, 345 F. Supp. 2d 563, 565 (M.D.N.C. Nov. 18, 2004) (citing N.C.G.S. § 1-120).

Here, there is no valid cause of action affecting title to the Property. This is not an action to foreclose a mortgage or deed of trust, or to enforce a lien, and no attachment has issued. Accordingly, the Notice of Lis Pendens must be canceled.

## ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss and Cancel Lis Pendens" be **GRANTED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file

objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiffs; to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: February 2, 2016

David S. Cayer
United States Magistrate Judge